UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TIMOTHY WARD, et al.                                                        PLAINTIFFS

v.                                           CIVIL ACTION NO. 3:09CV-713-S

SUZANNE SHIRCLIFF, et al.                                        DEFENDANTS

**<u>MEMORANDUM OPINION</u>**

This matter is before the court on motion of the defendants, Suzanne and Greg Shircliff, to dismiss the action for failure to state a claim upon which relief may be granted, in accordance with Fed.R.Civ.P. 12(b)(6). (DN 9). The Shircliffs also filed a motion for a protective order to hold discovery in abeyance pending the disposition of their motion to dismiss. (DN 13).

This action was filed *pro se* by Timothy and Carrie Ward alleging that the Shircliffs, their former landlords, violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* The Wards allege that the Shircliffs (1) did not permit them to participate in a move-out inspection, (2) wrongfully kept their damage deposit, (3) harassed them, and (4) attempted to collect additional money from them that they did not owe.

To overcome a motion to dismiss, a complaint must contain sufficient facts to state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As explained in *Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009),

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [*Twombly, supra.*] at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id..*, at 557, 127 S.Ct. 1955 (bracket omitted).

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors..." 15 U.S.C. § 1692(e).  A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails *in any business the principal purpose of which is the collection of any debts*, or who *regularly collects* or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another.*" 15 U.S.C. § 1692(a)(6)(emphasis added).  A "debt collector" does not include a consumer's creditors.  *Montgomery v. Huntington Bank,* 346 F.3d 693, 698 (6th Cir. 2003).

The Shircliffs have been sued for attempting to collect money allegedly owed them by their former tenants.  The Wards' complaint alleges actions taken by the Shircliffs on their own behalf.  The Wards object to dismissal, however, urging that they are entitled to go forward with discovery.  They have not shown that discovery could yield facts to bring this matter within the purview of the FDCPA.  As creditors of the Wards, the Shircliffs' conduct is not governed by the FDCPA.  Thus the complaint fails to state a claim upon which relief may be granted, and the action will be dismissed.  In light of the disposition of the motion to dismiss, the motion for protective order is rendered moot.

A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

February 22, 2010

**Charles R. Simpson III, Judge
United States District Court**